UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
NEW YORK LIFE INSURANCE COMPANY,   :
                     Plaintiff,     :       05 Civ. 4768 (PAC)
                               :
    -  against -                  :       <u>OPINION AND ORDER</u>
                               :
LISA G. STEWART AND ROGER A.      :
PENDELTON,                       :
                  Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff New York Life Insurance Company instituted this interpleader action seeking a determination of which defendant is entitled to the proceeds of a life insurance policy (the "Policy") which Plaintiff issued to the decedent Lynn S. Stewart (the "Decedent"). Having deposited the interpleaded funds with the Clerk of the Court, Plaintiff was discharged, and this action was converted into one for declaratory judgment as between the defendants. Defendant Roger A. Pendelton ("Pendelton") now moves for summary judgment based on a Missouri judgment of divorce between himself and the Decedent which required her to maintain the Policy with Pendelton as the sole beneficiary. Defendant Lisa Stewart, the sister of the Decedent, seeks a delay to allow her to proceed with a recently filed petition in the Family Court Division of the Circuit Court of Jackson County, Missouri (the "Family Court") to set aside the judgment of divorce as the product of extrinsic fraud. In the alternative, she asks the Court to deny the motion on the basis that there are genuine issues of fact as to the existence of such a fraud.[1]

---

[1] Stewart also asserts that the doctrine of unclean hands bars Pendelton from asserting the Missouri judgment. The doctrine holds that a court's equitable powers "can never be exerted in behalf of one who has acted fraudulently." <u>Keystone Driller Co. v. General Excavator Co.</u>, 290 U.S. 240, 245 (1933).

## BACKGROUND[2]

### I. The Judgment of Divorce

Pendelton and the Decedent were married on April 29, 1992. After a period of separation, the length of which is in dispute, Pendelton and the Decedent agreed to a separation agreement on November 21, 2002, in which they each represented that they owned a life insurance policy with the other as sole beneficiary.[3] The agreement required them to maintain those policies without any change in the beneficiary. At the time of the agreement, however, Pendelton's policy actually named his daughter as co-beneficiary with the Decedent. Pendelton asserts that he thought at the time that the Decedent was his sole beneficiary, while Stewart alleges that he intentionally misled the Decedent. On May 5, 2003, a Missouri court issued a judgment of divorce that incorporated the November 21, 2002 settlement agreement. On or about November 23, 2004, the Decedent changed the Policy, removing Pendelton and naming her sister, Lisa Stewart, as the sole beneficiary, in violation of the agreement and the judgment of divorce. The Decedent died eight days later on December 1, 2004, and both defendants claimed the proceeds of her life insurance policy.

### II. Relevant Court Proceedings

This action was commenced on May 17, 2005, nearly two years ago. Though the Court's scheduling order of September 15, 2005 called for all depositions to

---

Pendelton is asserting his legal rights under the Missouri judgment, however, not seeking an equitable remedy. As he does not invoke the Court's equitable powers, the doctrine is inapplicable.

[2] All facts are derived from the Complaint and the parties' Local Rule 56.1 Statements and supporting evidence. Sources will be cited only when quoted. The facts are undisputed unless otherwise indicated.

[3] Pendelton's policy, issued on July 6, 1993, was for $200,000. Decedent applied for a $150,000 policy in or around August 1992.

be taken by December 15, 2005 and for discovery to be completed by January 15, 2006, Stewart first requested to depose Pendelton[4] on May 11, 2006.  The Court allowed the deposition even though the discovery deadline had passed.  On August 31, 2006, the Court permitted Pendelton's motion for summary judgment to be filed on September 25, 2006.  It appears that Stewart only then engaged Missouri counsel, John L. Williams ("Williams") to prepare her petition to set aside the judgment of divorce.

On September 18, 2006, one week before the pending motion was to be filed, a "Petition in Equity to Set Aside Portion of Judgment Obtained By Fraud and Motion to Set Aside Portion of Judgment Under Supreme Court Rule 76.06" was allegedly filed in the Family Court. See Declaration of Regina L. Darby ("Darby Dec."), Exhibit F.  The Missouri petition has yet to be served on Pendelton.  The explanation for this delay depends on the source considered.

According to a letter of March 22, 2007 from Edward H. Wolf ("Wolf"), who was retained by Stewart's attorney Regina Darby as "of counsel," the judge to whom the petition was assigned has retired, causing the delay.  The attached Williams Affidavit, however, states that the problem is that the presiding judge has been on criminal assignment since the filing of the petition, and that despite his request that the petition be reassigned, no such action has yet been taken.  Finally, at oral argument on March 23, 2007, Wolf informed the Court that whatever the condition of the presiding judge, the reason neither Pendelton nor his attorney have been served with any Missouri filings is that the Family Court employs a screening process to weed out frivolous claims before they are served.  The judge being otherwise occupied, this has not been accomplished, and so the petition languishes.

---

[4] Pendelton is the only witness Stewart deposed.

**DISCUSSION**

**I. Stewart's Request to Delay**

Stewart argues that resolution of her petition could resolve the dispositive issue before the court, and that any delay would not be prejudicial. These arguments are unpersuasive. As the facts above clearly show, this case is long overdue for resolution and Stewart's desultory pace does not warrant further accommodation or delay. Moreover, the handling of the Missouri litigation to date inspires no confidence that it will be promptly and fruitfully resolved. Therefore the Court will not delay further a decision on Pendelton's motion.

**II. Pendelton's Motion for Summary Judgment**

"[I]t has been consistently held that a separation agreement and a judgment distributing the marital property in accordance with that agreement could be set aside upon the basis of fraud in the procurement of that separation agreement." In re Marriage of Turner, 803 S.W.2d 655, 658 (Mo. App. S.D. 1991). A party asserting invalidity due to such fraud must carry "the burden of proof to establish the traditional elements of fraud":

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity; (5) his intent that the statement should be acted upon by the other party in the manner contemplated; (6) that party's ignorance of the falsity; (7) reliance on the truth; (8) the right to rely thereon; and (9) injury.

Id. Even assuming that Lisa Stewart, not a party to the Missouri divorce judgment, has standing to attack it as fraudulent in part, and further assuming that she has produced sufficient evidence to create genuine issues of fact as to the first eight elements of fraud

4

in the procurement of the separation agreement, she cannot show the existence of any injury.

The Decedent was not denied any benefit, either from Pendelton's life insurance policy or in foregone alternative property in the separation agreement as a whole, by reason of Pendelton's representation that she was the sole beneficiary of his life insurance policy.[5] The Decedent's sister, Lisa Stewart has not, produced evidence sufficient to create a genuine issue of fact as to the existence of an injury. The Missouri judgment of divorce should be enforced.

Accordingly, Defendant Pendelton's motion for summary judgment is granted, and the Clerk of the Court is directed to release the interpleaded funds to him. The Clerk of the Court is further directed to close out this case.

Dated:  New York, New York
        March 28, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[5] Notwithstanding the arguments of Stewart's counsel at oral argument, any injury Stewart might suffer from enforcement of the judgment is irrelevant.  In the absence of injury to a *party to the agreement*, there is no fraud in its procurement, and the judgment cannot, therefore, be set aside.